Curia, per
Evans, J.
I propose to consider and decide these questions:
1st. Was this a libel?
2d. Was the evidence sufficient to charge the defendant with the publication of it ?
3rd. Was it admissible for the plaintiff in reply, to shew that what he had stated of the defendant was true?
There are other grounds taken in the notice of appeal, but it is not thought that they are of such doubtful character as to require any opinion of this court upon them.-
1st. The plain and obvious meaning of this publication is, that the plaintiff had fabricated and ciiculated a falsehood about the defendant. Such words, if spoken, would not be actionable; but, according to all the authorities, if printed or written, they would be. (Starkie on Libel, 155; 2 Wilson, 403 ; Fonville vs. McNease, Dudley R. 303 ; State vs. Farley, 4 McCord, 117.)
2d. The printing of the libel was a publication ; and the only question on this part of the case was, did the defendant *196 procure it to be published in the newspaper. As a general rule, it may be laid down, that any fact may be proved by the admission of the party to be charged by it, except those few cases in which the law requires other evidence. If the defendant, after reading the publication in the newspaper, or hearing it read, had said, “I wrote it and caused it to be published in the Telescope, or Times," could any evidence be more satisfactory of the fact of publication 1 If so, then it follows that the production of the original manuscript was not, as is contended, indispensible in this case. The defendant’s admissions are not as explicit as in the case above stated, but they were evidence of the fact, and, as the result has proved, satisfactory evidence to the jury, that the libellous paragraph in the newspaper was published by the defendant. The general rule is, that a witness shall not be allowed to speak of the contents of a written instrument, because the writing itself is better evidence than the witness’s recollection. That was the objection in the cases quoted and relied on in the argument. Adams vs. Kelly. (21 Eng. C. L. Rep. 403.) But there is nothing in that case at variance with the principles laid down in this.
3rd. To decide the 3rd. ground, it is scarcely necessary to do more than state the facts. The defendant, in mitigation, went into evidence that the plaintiff had propagated the story of his having sold cotton, falsely packed, in Columbia. To this the plaintiff replied by proving the truth of the facts which he had stated, and the information he had received from Scott on the subject. This was, as the presiding Judge reports, strictly in reply to the defendant’s evidence. The motions are dismissed.
Gantt, Richardson, Earle and Butler, JJ. concurred.